IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL L. DIEHL,

                                    Petitioner,            REPORT AND RECOMMENDATION

        v.                                                          08-cv-0133-bbc

MICKEY McCASH, Warden,
Oregon  Correctional Center,

                                    Respondent.

---

## REPORT

Before the court for report and recommendation is state prisoner Earl Diehl's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Diehl, an inmate at the Oregon Correctional Center, challenges his custody resulting from a decision by the Wisconsin Division of Hearings and Appeals to revoke his probation in Dane County case 96 CF 1352.  He contends that the division and the Wisconsin Department of Corrections made a variety of mistakes during the revocation process that violated his rights to due process and protection against double jeopardy.  Petitioner presented these claims administratively and on appeal to the state courts, which found no reason to set aside the department's revocation decision.

I am recommending that the court deny the petition.  I agree with the state courts, which concluded that petitioner was afforded all the process he was constitutionally due and that no double jeopardy violation occurred.  Accordingly, because petitioner has not shown that the state courts adjudicated his claims in a manner that was based on an unreasonable application of the law to the facts or on an unreasonable determination of the facts, I recommend that this court deny the petition under 28 U.S.C. § 2254(d).

Pursuant to 28 U.S.C. § 2254(e), state court findings of fact are presumed correct unless the petitioner rebuts them with clear and convincing evidence.  Petitioner has not challenged any of the state courts' factual determinations.  Accordingly, the facts set forth below are drawn largely from the decision of the state circuit court.  *State of Wisconsin Ex rel. Diehl v. Schwarz*, Dec. and Order, Case No. 05-CV-3320, attached to Response to Pet., dkt. 6, at exh. K.

FACTS

On April 4, 1997, petitioner was convicted in the Circuit Court for Dane County for burglary, as party to the crime, in case 96 CF 1352.  The court imposed a nine-year term of probation with an imposed-but-stayed eight year prison sentence.

On April 20, 2004, petitioner was convicted in Jefferson County of the crime of theft by contractor.  This conviction was a violation of petitioner's rules of supervision in 96 CF 1352. When petitioner's probation agent informed petitioner on April 28, 2004 that he was going to be detained as a result of his new conviction, petitioner fled the probation office.  He was not located until February 14, 2005, at which time he lied to police officers about his probation status and attempted to flee when the officers informed him that he was under arrest. Petitioner ultimately was taken into custody and placed on a probation hold by the Department of Corrections (DOC).  On February 17, 2005, he gave a statement to DOC concerning the circumstances surrounding his alleged rules violations.

On February 23, 2005, DOC cancelled its hold on petitioner so that he could be released to Jefferson County, where he had not yet been sentenced on the theft by contractor conviction. Apparently, however, petitioner never was released to Jefferson County because Columbia

County, which had an arrest warrant for petitioner, would not release *its* hold on petitioner.  Br. of Resp.-Resp., attached to dkt. 6, exh. H, at 11.  On March 2, 2005,  DOC issued a new order of detention for petitioner.

On March 4, 2005, petitioner's probation agent drafted a revocation summary and recommended that petitioner's probation be revoked.  A revocation hearing before the Division of Hearings and Appeals (DHA) was scheduled for April 6, 2005 then was set over until May 3 to give petitioner the opportunity to obtain a lawyer.  Petitioner appeared on May 3 without a lawyer and indicated that he was prepared to proceed without one.  Even so, the hearing was continued to May 13 to give petitioner time to review the state's packet of revocation materials.  That hearing was rescheduled yet again because petitioner reported that the public defender's office was in the process of appointing a lawyer to represent him.  On June 10, 2005, the hearing finally went forward with a lawyer representing petitioner.  On June 14, 2005, the administrative law judge issued a decision ordering that petitioner's probation be revoked.  This decision was sustained by David Schwarz, Administrator of DHA.

Petitioner challenged the division's decision by filing a petition for a writ of certiorari in the Dane County Circuit Court.  Petitioner raised the following claims:

> 1) His due process rights were violated because he did not receive a preliminary hearing;
>
> 2) DOC violated petitioner's constitutional rights when it failed to have its personnel sign the Revocation Hearing Request, contrary to its internal rules;
>
> 3) DOC violated petitioner's constitutional rights when it failed to garner a second statement from petitioner within three days of re-detaining him, contrary to its internal rules;

3

4) DOC's re-detention of petitioner on March 2, 2005 for the same allegations was a "multiple punishment" for the same conduct, and therefore violated the Double Jeopardy Clause; and

5) The state's failure to hold a final revocation hearing within 50 days of taking petitioner into custody was a violation of due process.

On June 7, 2006, the court issued an order rejecting petitioner's arguments and denying his petition.

Petitioner appealed.  Like the circuit court, the state appellate court found that the division properly had revoked petitioner's probation. *State of Wisconsin ex rel. Diehl v. Schwarz*, No. 2006AP1664 (Ct. App. Nov. 29, 2007) (unpublished decision), attached to dkt. 6 at exh. E.  It found that double jeopardy principles do not apply to revocation proceedings; petitioner was not entitled to a preliminary hearing because he had been found guilty of theft by contractor, which was the same conduct that was alleged to be a violation of his supervision; petitioner had not suffered substantial harm as the result of his agent's failure to sign the revocation hearing request form; and the petitioner's due process rights were not violated as a result of the delay in the final revocation hearing because the delay was for the purpose of allowing petitioner to prepare his defense and obtain the assistance of counsel. *Id*. at 2-3.

On February 21, 2008, the Wisconsin Supreme Court issued an order denying petitioner's request for review.  Petitioner filed the instant petition on March 5, 2008, contending that his rights to due process in the revocation proceeding were violated as a result of the following:

DOC's failure to allow petitioner to make a statement about the alleged probation violations when it placed him in custody on March 2, 2005 (Ground 2);

4

DOC's failure to hold a preliminary hearing on the violations (Ground 3);

DOC's failure to forward to DHA a signed and dated written authorization or request to hold a hearing (Ground 4);

DHA's failure to required a signed and dated authorization or request from the department before scheduling and holding a final revocation hearing (Ground 5 and 6);

DHA's failure to hold a final revocation hearing within 50 calendar days (Ground 7) or within a reasonable amount of time (Ground 8); and

DHA's issuance of a revocation decision that was based on "previously disposed/defunct" allegations (Ground 9).

Petitioner also alleged that DOC violated the bar against double jeopardy when it incarcerated him twice for the same probation violations (Ground 1) and that the state circuit court and court of appeals violated his right to due process when they "abused their discretion" in the manner in which they adjudicated his case (Grounds 10 and 11).

In an order to show cause issued March 20, 2008, this court found that petitioner's allegations that DOC denied him the opportunity to make a statement, failed to hold a preliminary hearing, and that DHA failed to hold a final hearing in a timely manner, then based its decision on invalid allegations were sufficient to raise a colorable claim that petitioner was denied his rights to due process as guaranteed by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). I also found that his double jeopardy claim was sufficient to warrant a response from the state.

5

DISCUSSION

Several of petitioner's claims in support of his request for habeas relief are doomed at the outset because they rest upon misunderstandings of law and fact. First, as in the state courts, petitioner rests his petition primarily upon alleged rules violations committed by state agencies during the course of revocation proceedings. However, a state prisoner is entitled to federal habeas relief only if he is in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief is unavailable to remedy errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Thus, even if DOC or DHA violated its administrative rules during petitioner's revocation proceedings, these violations would not present cognizable claims for federal habeas relief. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998).

*Vitarelli v. Seaton*, 359 U.S. 535 (1959), the case cited by petitioner, does not hold to the contrary. In *Vitarelli*, 359 U.S. at 540-541, the Court held that the dismissal by the Secretary of the Interior of one of its employees on security grounds was invalid because the agency had not complied with its own internal regulations governing such dismissals. The Court did not hold, as petitioner suggests, that a due process violation results any time a state or federal agency violates its own internal rules. Nor did the Court hold that an agency loses "jurisdiction" to act whenever it violates one of its rules. Further, in *Vitarelli*, the Court was reviewing the conduct of a *federal* agency, which was bound to apply *federal* law. Such review is properly within the scope of the jurisdiction of the federal courts. It is not proper, however, for a federal court to determine whether a state agency complied with state law.

6

That said, revocation of probation is a serious loss of liberty that the state may not impose without affording the probationer due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). In *Gagnon*, the Court held that a probationer is entitled to a preliminary and a final revocation hearing under the conditions that the Court had specified in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972), for parole revocation hearings. These conditions are:

> (a) written notice to the probationer of the claimed violations; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body; and (f) a written statement by the fact-finder as to the evidence relied on and reasons for revoking probation.

411 U.S. at 782,

Petitioner alleges that he was deprived of several of these conditions, including the right to make a statement, the right to a preliminary hearing and the right to be revoked based upon valid allegations. That said, petitioner does not deny that he was afforded the opportunity to make a statement when he was taken into custody initially by the department, that his conviction of theft by contractor made it unnecessary for the department to hold a preliminary hearing and that the allegations contained in the revocation summary were valid. His claim for habeas relief depends upon his contention that, when DOC cancelled its hold on petitioner so that he could be released to Jefferson County to be sentenced on the theft by contractor conviction, DOC effectively "disposed of" the allegations for which petitioner was being held. Petitioner characterizes DOC's re-institution of its probation hold as an entirely new revocation proceeding that entitled him to a whole new set of due process rights.

7

Petitioner is mistaken.  As the state circuit court explained, DOC did *not* dispose of the allegations against petitioner when it released him to Jefferson County on February 23, 2005.  It merely lifted its hold on petitioner to enable Jefferson County to sentence petitioner on the theft by contractor conviction, then reinstated the hold upon learning that Columbia County would not release petitioner to Jefferson County.  This was routine and lawful.  Petitioner points to no evidence supporting his claim that DOC disposed of the revocation allegations when it temporarily lifted its hold on him.  To the extent his claims rest on this invalid factual premise, they have no merit.

All that remains is petitioner's claim that DOC improperly put him in jeopardy a second time when it re-instituted the probation hold and that it failed to hold the final revocation hearing in a timely matter.  To grant petitioner's request for habeas relief, this court must find that the state court's adjudication of petitioner's claims either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

The state appellate court's conclusion that "[d]ouble jeopardy principles do not apply to probation revocation proceedings," was not "contrary to" clearly established federal law.  The Double Jeopardy Clause protects against multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  However, the Supreme Court has found that post-revocation sanctions, such as a sentence imposed following the revocation of supervised release or probation, are not "punishment" but rather part of the penalty for the original

8

conviction. *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980).  The purpose of probation revocation proceedings are to determine whether a probationer has violated the conditions of his probation, not to punish a criminal defendant for violation of a criminal law. *United States v. Wyatt*, 102 F.3d 241, 244 (7th Cir. 1996).  It follows that the multiple "holds" placed on petitioner by DOC to effectuate revocation proceedings were not multiple punishments barred by the Double Jeopardy Clause.

As for DHA's alleged delay in holding the final hearing, the Supreme Court has held that due process requires a final revocation hearing "within a reasonable time" after the probationer is taken into custody and that a lapse of two months is not unreasonable. *Morrissey*, 408 U.S. at 488.  When a probationer claims that his due process right to a timely hearing has been denied, the Court of Appeals for the Seventh Circuit considers the four factors deemed relevant in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), for determining whether a defendant's Sixth Amendment right to a speedy trial has been denied:  the length of the delay, the reasons for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a result of the delay. *United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989); *United States v. Scott*, 850 F.2d 316, 319-20 (7th Cir. 1988).  With regard to the length of the delay, the Seventh Circuit has suggested three months as the outside limit of reasonableness, although this period is "no more than a guideline." *Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir. 1982).

Whether *Barker*'s balancing test is "clearly established" federal law is not entirely clear. The Court has never decided a case applying it in the revocation context. *Hill v. Wilson*, 519 F.3d 366, 368 (7th Cir. 2008) ("[A] right becomes 'clearly established' only when a course of

[Supreme Court] decisions has established how the Constitution's grand generalities apply to a class of situations") (citing *Wright v. Van Patten*, --- U.S. ----, 128 S.Ct. 743 (2008), and *Carey v. Musladin*, 549 U.S. 70 (2006)).  In any case, even if *Barker* establishes the controlling analysis, it is clear that the state appellate court did not apply it unreasonably when it found that the 101-day delay in petitioner's case was reasonable.  The court found that petitioner could establish no due process violation because "the delay was due to a series of rescheduled hearings intended to allow [petitioner] time to prepare his defense and to obtain the assistance of counsel."  *State ex rel. Diehl v. Schwarz*, 2006 AP1664, at 3.  This conclusion is entirely consistent with *Barker*.  As the Court explained, "[w]e hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine."  407 U.S. at 529.  As noted previously, petitioner has not adduced any clear and convincing evidence to undermine the presumptive validity of the state courts' factual determination that he was responsible for the numerous postponements of the hearing.  The conclusion of the state courts that petitioner had not been denied his right to a timely final revocation hearing was the only reasonable conclusion that it could have reached under the circumstances.

Finally, petitioner contends that this court must issue the writ because the state offered only perfunctory arguments in opposition to his petition and because it failed to refute all of his claims in state court.  Petitioner is incorrect.  This court directed the state to show cause why the writ should not issue.  The state's brief response was sufficient to establish the bases on which it opposed the petition.  As for the willingness of the state courts to overlook alleged defaults by the state, such actions amount at most to misuses of court discretion.  As explained in the order to show cause, federal habeas relief is not available to remedy such errors.

10

RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I respectfully recommend that the petition of Earl Diehl for a writ of habeas corpus be DENIED.

Entered this 28th day of July, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

11